## LLOYD BARICKMAN v. FARMERS ELEVATOR COMPANY, INC.[1]

November 4, 1927.

No. 26,297.

**Sufficient evidence that terms of contract were as claimed by defendant.**
   1. Evidence sufficient to sustain a finding that the contract was as contended for by respondent.

**When appellant cannot complain of the charge given to jury.**
   2. There being no request to charge and no exception to the charge as given at the time of the trial, appellant cannot now be heard to complain.

**Rulings on evidence sustained.**
   3. There was no reversible error in the rulings upon the admissibility of evidence.

Appeal and Error, 3 C. J. p. 850 n. 24; p. 919 n. 34.
Sales, 35 Cyc. p. 124 n. 19.

Action in the district court for Watonwan county, tried before Comstock, J., and a jury, which returned a verdict for defendant. From an order, Harry A. Johnson, J., denying his motion for a new trial, plaintiff appealed. Affirmed.

*Paul C. Cooper*, for appellant.
*Farmer & Tighe*, for respondent.

[1]Reported in 215 N. W. 854.

Quinn, J.

Action to recover an alleged balance upon a contract for the sale of 2,000 bushels of corn. The cause was tried to a jury. A verdict was returned in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed.

The controversy between the litigants is as to the price agreed upon for the corn. Defendant is engaged in the handling of all kinds of grain at the village of Lewisville in Watonwan county. The plaintiff is a farmer in that locality. On or about September 15, 1925, the appellant entered into an agreement with respondent for the sale of 2,000 bushels of No. 3 yellow corn, to be delivered at respondent's place of business on or before November 15, 1925. The market price in Minneapolis at that time, for November delivery, for that grade of corn, was 70 cents per bushel. As to these matters there seems to be no controversy. The controversy arises over the amount to be paid for the appellant's corn in case it did not grade No. 3 when ready for market in November.

It was contended on behalf of appellant at the trial that the agreement was that he was to receive 70 cents per bushel, but if his corn graded less than No. 3, then he was to receive one and three-fourths cents less per bushel for each grade down; while it was contended on behalf of respondent that the agreement was that appellant was to receive 70 cents for his corn less two cents commission, but if his corn graded less than No. 3, then he was to receive 68 cents per bushel less the difference between the market at Minneapolis of No. 3 yellow corn and the price which the corn actually delivered did bring on its arrival and sale at the Vye Grain Company at Minneapolis.

Under such arrangement, appellant delivered to respondent 2,014 bushels of corn, which were shipped to and received by the Vye Grain Company on November 18, 1925. The corn graded *low sample grade*, or four grades down, and sold for 54 cents per bushel on the market, net to the respondent. The difference in the market value of No. 3 yellow corn and *sample grade corn* at the time the corn in question arrived at Minneapolis was 35 cents per bushel. In

settling with the appellant for the corn, respondent allowed him the contract price of 68 cents less 35 cents, or 33 cents per bushel. The contention of the appellant is that he was entitled to receive the contract price for No. 3 grade less the down grade reduction of seven cents, or 61 cents, for his corn.

Appellant's right of recovery depends upon the agreement entered into on September 15 in case the corn delivered graded less than No. 3. There was a sharp conflict in the evidence as to what the agreement was and especially as to the price to be paid in case the corn graded less than No. 3. There is evidence that the respondent, through its agent, with whom the appellant contracted at the time of the making of the contract, wired Minneapolis and hedged, and at the same time stated to the appellant that he was buying No. 3 yellow and that he was selling No. 3 yellow. We see nothing illegal about the contract. The appellant may be unfortunate in not hedging as did the respondent, but the jury has settled the controversy as to what the agreement was, and its findings are final.

While appellant in his assignments claims error in the charge to the jury, yet he neither requested any instructions nor did he except to those which were given and, under the familiar rule, cannot now be heard to complain. We have examined the record with reference to the rulings upon the admissibility of evidence and find therein no reversible error.

Affirmed.